# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| SUSAN A. SMITH, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )     CAUSE NO. 1:17-cv-0015-SLC |
| | ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| *sued as Andrew Saul, Commissioner of* | ) |
| *Social Security*,[1] | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Plaintiff Susan A. Smith brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On August 22, 2018, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 19).

Smith's counsel, Barry A. Schultz ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $14,106.63, less an offset of $9,919.70 for previously awarded attorney fees, for his representation of Smith in federal court. (ECF 24). The Commissioner filed a response indicating that he neither supports nor opposes the motion (ECF 25); therefore, the motion is ripe for ruling. For the following reasons, the motion for attorney fees will be GRANTED.

### *A. Factual and Procedural Background*

On January 13, 2017, Counsel entered into a Retainer and Fee Agreement for Federal

---

[1] Andrew Saul is now the Commissioner of Social Security, *see Aleithia Ann F. v. Saul*, No. 17 C 9158, 2019 WL 2644214, at *1 n.1 (N.D. Ill. June 27, 2019), and thus, he is automatically substituted for his predecessor, Nancy Berryhill, in this case. *See* Fed. R. Civ. P. 25(d).

Court Representation (the "Fee Agreement") with Smith for his representation of Smith in federal court.[2] (ECF 24-4). The Fee Agreement provides that Counsel will receive twenty-five percent of any past due benefits awarded to Smith and her family in the event her disability appeal is successful. (*Id.*).

On January 17, 2017, Smith filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). On August 22, 2018, this Court entered an Opinion and Order reversing the Commissioner's final decision and remanding the case to the Commissioner for further proceedings. (ECF 19).

On November 16, 2018, Smith filed an agreed motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in which Smith and the Commissioner stipulated to the amount of $9,919.70 for the 51.6 hours that Counsel spent advocating Smith's claim in federal court. (ECF 22, 22-1). The Court then granted the stipulated motion, ordering the Commissioner to pay the EAJA fee award of $9,919.70 to Smith. (ECF 23).

The Commissioner sent a notice of award to Smith on October 26, 2019, informing that she was entitled to disability benefits beginning July 2012, resulting in past-due benefits in the amount of $70,352.52, and auxiliary benefits to her children. (ECF 24 at 2; ECF 24-1; ECF 24-2). On November 27, 2019, Counsel filed the instant motion, together with exhibits, seeking fees under § 406(b) in the amount of $14,106.63 for the 51.6 hours Counsel spent advocating Smith's appeal in federal court. (ECF 24; ECF 24-1 to 24-5). Counsel further acknowledges that the $9,919.70 previously awarded EAJA fee award should be offset from the requested §

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

406(b) award of $14,106.63.  (ECF 24 at 2).

## B. *Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht*, 535 U.S. at 793-94.  Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court.  *Id*.  Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government.  *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level.  *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a).  There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a).  *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4]  42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.  This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b).  *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA.  *Gisbrecht*, 535 U.S. at 796.

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense."  *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### *C. Discussion*

The Court is charged with determining whether Counsel's requested fee of $14,106.63 under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Smith was awarded $70,352.52 in past-due benefits. Thus, the fee amount that Counsel requests, $14,106.63, does not exceed twenty-five percent of Smith's past-due benefits.

Counsel contends that the requested fee award of $14,106.63 is reasonable for the 51.6 hours he spent representing Smith in federal court. (ECF 24 at 3). Here, Counsel's requested fee of $14,106.63 divided by the 51.6 hours he spent on the case in federal court equates to an

effective rate of about $273.38 per hour.[5] This rate is well below many of the effective rates previously awarded in the Fort Wayne Division. *See, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour).

Also, Counsel requested just one 45-day extension of time in briefing this case (ECF 14), and thus did not contribute to any significant delay of the lawsuit. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

Furthermore, the risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or

---

[5] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

that there would be a long court or administrative delay in resolving the cases.").

Accordingly, Counsel's requested fee award of $14,106.63 under § 406(b) will be authorized by this Court, but will incorporate an offset for the $9,919.70 in EAJA fees that Counsel already recovered, reducing the § 406(b) award to $4,186.93. (ECF 24 (acknowledging that Counsel's § 406(b) award should be reduced by the EAJA award of $9,919.70)); *see Gisbrecht*, 535 U.S. at 796.

### *D. Conclusion*

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 24) is GRANTED in the amount of $14,106.63, less an offset for the $9,919.70 in EAJA fees that Counsel was previously awarded, resulting in a net § 406(b) award of $4,186.93. The Commissioner is to release any remaining amount withheld from Smith's back benefits to Smith.

SO ORDERED.

Entered this 9th day of January 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge